# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20597
c/w No. 16-20769
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2017

Lyle W. Cayce
Clerk

MCKINLEY DALE THOMAS,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3566
USDC No. 4:15-CV-1947

Before PRADO, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

McKinley Dale Thomas, Texas prisoner # 1484717, moves this court for a certificate of appealability (COA) to appeal the district court's August 27, 2015 dismissal of his 28 U.S.C. § 2254 application for failure to pay a filing fee. Thomas also moves this court for a COA to appeal the district court's August

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

4, 2016 dismissal of his 28 U.S.C. § 2254 application as time barred. Thomas filed the applications to challenge his life sentence for murder. His motion to consolidate his cases on appeal was granted.

Thomas contends that the district court abused its discretion in dismissing his § 2254 application on August 27, 2015, because he never received the district court's order requiring him to pay a filing fee. As to the district court's August 4, 2016 order dismissing his § 2254 application as untimely, Thomas contends that he is entitled to equitable tolling of the time limitations period. Thomas further contends that the district court abused its discretion in denying his motions for appointment of counsel and for recusal and in dismissing his § 2254 application on August 4, 2016 as untimely without conducting an evidentiary hearing.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Where, as here, the district court's denial of federal habeas relief is based on procedural grounds, this court will issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

On January 5, 2016, Thomas voluntarily withdrew his appeal of the court's August 27, 2015 decision dismissing his § 2254 application for failure to pay the required filing fee. Thus, that judgment is not properly before this court. To the extent that Thomas challenges the district court's August 23, 2016 judgment denying his Federal Rule of Civil Procedure 60(b) motion, we do not have jurisdiction to review the matter since Thomas failed to file a

No. 16-20597
c/w No. 16-20769

timely notice of appeal. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); FED. R. APP. P. 4(A)(1)(A). Accordingly, these claims are dismissed for lack of jurisdiction and a COA is denied as moot. As to Thomas's remaining claims, his request for a COA is denied as he fails to make the requisite showing. *See Slack*, 529 U.S. at 484.

Accordingly, IT IS ORDERED that Thomas's appeal is DISMISSED in part for lack of jurisdiction, and his motions for a COA are DENIED.